# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL BRINKMAN, individually and on behalf of all others similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>CHARMING CHARLIE, LLC<br><br>　　　　　Defendant. | CASE NO. _____<br><br>JUDGE _____<br><br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF LOUISIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Charming Charlie, LLC ("Defendant"), by counsel, files its Notice of Removal to this Court of an action pending against it in the Civil District Court for the Parish of Orleans. Removal is based on the following grounds:

1.　On or about May 7, 2018, Plaintiff ("Plaintiff") commenced an action in the Civil District Court for the Parish of Orleans, State of Louisiana, by filing a Class Action Petition ("Petition") captioned *April Brinkman v. Charming Charlie, LLC*, Docket No. 2018-04467, Division J, Section 15 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleading and process served on Defendant are attached hereto as Exhibit A.

**TIMELY REMOVAL**

2.　On May 31, 2018, Defendant was served with a copy of the Summons and Petition in the State Court Action.

3.　Defendant timely filed this Notice of Removal within thirty days after service upon it of the Summons and Petition pursuant to 28 U.S.C. § 1446(b). *See e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1991) ("one becomes a party

officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

## JURISDICTION AND VENUE

4. In her Petition, Plaintiff has asserted claim for relief against Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). *See* Exhibit A, at ¶ XIII.

5. The TCPA is a federal statute which sets forth numerous restrictions concerning advertising and/or telemarketing text message calls to individuals' cellular telephones without prior express consent. *See generally* 47 U.S.C. § 227.

6. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as the Plaintiff's claims under the TCPA arise under the laws of the United States and accordingly removal of this matter is proper under 28 U.S.C. § 1441. *See e.g.*, *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 386-87 (2012) (holding that private TCPA claims arise under federal law, and therefore federal courts have federal question jurisdiction over TCPA claims, notwithstanding concurrent state court jurisdiction); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998) (defendant may remove to federal district court under federal question jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); *Reese v. Marketron Broadcast Solutions, Inc.*, No. 18-1982, R.D. 18 at 4 (E.D. La. May 8, 2018)(Vance, J.) (a TCPA claim "plainly presents such a federal question.")

7. The State Court Action is not a non-removable action as described in 28 U.S.C. § 1445.

8.     To the extent that there are any claims filed by Plaintiff in the State Court Action which are not subject to this Court's original jurisdiction, this Court has supplemental jurisdiction of all such claims because they are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 98 because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## CONSENT

10.    Defendant is the only served defendant and only named defendant in this action within the meaning of 28 U.S.C. § 1441, and hereby consents to removal of the State Court Action.

## RESERVATION OF RIGHTS

11.    In submitting this Notice of Removal, Defendant reserves all defenses, including but not limited to, whether Plaintiff has standing; whether her Petition states a claim under the TCPA; and whether class certification is appropriate.

WHEREFORE, Defendant Charming Charlie, LLC hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Raymond C. Lewis*
Raymond C. Lewis (#31236)
Victor M. Jones (#34937)
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA  70130
Telephone:  504-581-5141
rlewis@deutschkerrigan.com
vjones@deutschkerrigan.com

John L. Landolfi (Ohio Bar # 0042208)
(*pro hac vice* to be filed)
Christopher C. Wager (Ohio Bar # 0083424)
(*pro hac vice* to be filed)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, PO Box 1008
Columbus, Ohio 43216
Tel.: (614) 464-8390
Fax: (614) 738-4816
E-mail: jllandolfi@vorys.com
        ccwager@vorys.com

*Attorneys for Charming Charlie, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Notice of Removal* was served by regular U.S. mail, postage prepaid, this 29th day of June, 2018, upon the following:

Roberto Luis Costales
William H. Beaumont
Jonathan M. Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119

*Attorneys for Plaintiff*

Respectfully submitted,

*/s/ Raymond C. Lewis*